UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                            :

UNITED STATES OF AMERICA

                                            :        **FILED UNDER SEAL**

                                            :        15 Cr. 101 (KBF)

        - v. -

                                            :

KENNETH LEVIN, et al.

                                            :

               Defendants.

                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**GOVERNMENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION REGARDING APPLICATION OF CRIME FRAUD EXCEPTION**

 

PREET BHARARA
United States Attorney for the
Southern District of New York

Kimberly J. Ravener
Assistant United States Attorney
  *Of Counsel*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT……………………………………………………...   1

ARGUMENT …………………………………………………………………...   1

I.      Probable Cause Is The Applicable Legal Standard For The Crime-Fraud Exception……………………………………………………………   1

II.     Probable Cause Exists To Believe That Levin Committed The Charged Crimes……………………………………………………….…………   2

III.    Probable Cause Exists To Believe That Levin Hired Lawyers To Change His Company's Name In Furtherance Of His Fraud………………………………...   3

IV.    Levin's Admissions Obviate Any Need For In Camera Review Or Further Delay……………………………………………………………………   6

CONCLUSION………………………………………………………………   8

## PRELIMINARY STATEMENT

In opposition to the Government's motion, defendant Kenneth Levin ("Levin") admits that: (1) from at least January 2005 through December 2011, he ran a business that sold purported business opportunities to consumers, see Defendant Kenneth Levin's Opposition to Government's Motion Regarding Application of Crime Fraud Exception ("Opp.") at 2, ███████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

These undisputed actions do not merit the protection of the attorney-client privilege.   Levin's engagement of counsel to perform these services was undertaken in furtherance of fraud ███████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████[1]

## ARGUMENT

### I.   Probable Cause Is The Applicable Legal Standard For The Crime-Fraud Exception

Levin misstates the applicable legal standard, arguing that "the Government has failed to sustain its burden of proof by a preponderance of the evidence that the communications at issue were undertaken in furtherance of fraud and intended in some way to facilitate or conceal criminal

---

[1] For the same reasons noted in the Government's moving brief, this reply by the Wall AUSA has been filed under seal and only a redacted copy has been filed on ECF and supplied to the case team. To date, no version of Levin's opposition has been filed on ECF or otherwise supplied to the case team.   Defense counsel for Levin has indicated that a redacted version should be served tomorrow.   The Wall AUSA respectfully seeks authorization to disclose unredacted copies of the complete briefing of this motion to the case team.

activity."   Opp. at 2.   However, the Government bears no such burden on this motion.   In order

to demonstrate the applicability of the crime-fraud exception, the Government need only show

"that there is probable cause to believe that a crime or fraud has been attempted or committed and

that the communications were in furtherance thereof."   In re Richard Roe, Inc., 68 F.3d 38, 40 (2d

Cir. 1995).   To demonstrate probable cause in this context, "there need only be presented a

reasonable basis for believing that the [defendant's] objective was fraudulent," that is, that the

"particular communication with counsel or attorney work product was intended in some way to

facilitate or to conceal the criminal activity."   In re Grand Jury Subpoena Duces Tecum Dated

Sept. 15, 1983, 731 F.2d 1032, 1039 (2d Cir. 1984); In re Richard Roe, Inc., 68 F.3d at 40.

## II.   **Probable Cause Exists To Believe That Levin Committed The Charged Crimes**

The Indictment already demonstrates that there is probable cause to believe that Levin

committed a crime, specifically mail and wire fraud and conspiracy to commit the same.   See,

e.g., Kaley v. United States, 134 S. Ct. 1090, 1097 (2014) ("'[A]n indictment fair upon its face, and

returned by a properly constituted grand jury,' we have explained, 'conclusively determines the

existence of probable cause' to believe the defendant perpetrated the offense alleged.") (internal

quotation marks and citations omitted).   ████████████████████████████

████████████████████████████████████   Instead, the

Government must show that there is probable cause to believe that Levin committed crimes or

fraud, and that the actions at issue were taken in furtherance of those crimes or frauds.   By

definition, the grand jury's return of an indictment against Levin constitutes a determination of

probable cause.   Levin is not entitled to a "judicial re-determination of the conclusion the grand

jury already reached."   Id. (rejecting defendants' claim to a hearing on probable cause in order to

2

contest a pre-trial restraint on their property).   Regardless, for all of the reasons set forth in the Government's Motion and the Indictment itself, there is probable cause to believe that a crime or fraud was committed by Levin.[2]

**III.** ████████████████████████████████████████
████████████████████

Probable cause clearly exists to believe that ████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

---

[2] Though Levin purports to contest this element, Levin concedes that "the only question here is whether the communications at issue were undertaken to facilitate or conceal the commission of a crime or fraud."   Opp. at 4.

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██    The crime-fraud exception bars Levin from cloaking such conduct in the attorney-client

privilege.   See United States v. Zolin, 491 U.S. 554, 563 (1989) ("It is the purpose of the

crime-fraud exception to the attorney-client privilege to assure that the 'seal of secrecy' between

lawyer and client does not extend to communications 'made for the purpose of getting advice for

the commission of a fraud' or crime.) (internal quotations and citations omitted); In re John Doe,

Inc., 13 F.3d 633, 636 (2d Cir. 1994) ("The crime-fraud exception strips the privilege from

attorney-client communications that relate to client communications in furtherance of

contemplated or ongoing criminal or fraudulent conduct.") (internal quotations omitted).

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

4

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

██████████████

███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████ After a new company was formed, certain disclosure

documents, for example, misleadingly would state "This is the first time the UNITED

MARKETING ASSOCIATES CORPORATION has sold this type of product," and list the

number of business opportunities in operation and the prior consumers' names and addresses as

"0."   <u>See</u> Gov't Pretrial Opp. at 29.   As confirmed in recorded conversations between Levin, his

co-conspirators, and confidential informants recounted in separate briefing by the case team,

Levin regularly used these changes in entity name to increase sales by (1) hiding the identities of

prior, dissatisfied consumers, and (2) leading consumers to believe that they were getting in on the

---

[3] As noted in separate briefing by the case team, the remainder of this taped conversation even
more explicitly exposes Levin's illicit purposes to "get around" the regulations by simply
relabeling the company with a different name.   *See* Government's Opposition to Kenneth Levin's
Pretrial Motions To Suppress Evidence and Identify Brady Material Within Discovery, Dkt. No.
102 ("Gov't Pretrial Opp.") at 15.

ground floor of a new opportunity.   Id. at 15.   ███████████████████████████

████████████████████████████████████████████████████

██████████   These services were sought by Levin as a means to perpetuate his fraud on new

victims, year after year.

███████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████   The Government respectfully

submits that, as the grand jury has found, probable cause clearly exists in support of this

conclusion.   See Indictment, Paragraph 22.a. ("[t]he Business Opportunity Companies changed

their name regularly to avoid association with previous complaints and evade a federal law that

required a disclosure statement including, among other things, a list of past customers, be sent to

prospective vending machine 'business opportunity' customers.").

### IV.   Levin's Admissions Obviate Any Need For In Camera Review Or Further Delay

The Government respectfully submits that in camera review is not necessary to resolve the

question presented in this motion because ██████████████████████████████

████████████████████████████████████████████████████

██████████.   In camera review remains entirely within the Court's sound discretion, see United

States v. Jacobs, 117 F.3d 82, 87 (2d Cir. 1997), but in this instance, very little remains in dispute

between the parties.   As a matter of law, the arguments proffered by Levin cannot support a

legitimate privilege claim over the challenged documents.

███████████████████████████████████████████████

██████████████████████████████████████████████



First, the conspiracy charge in the Indictment is approximate and there may well be grounds for the case team to expand the charges to cover earlier conduct.   Second, the Indictment represents a probable cause determination that at least as of January 2005, Levin was committing a crime and routinely changing the name of his business entities to cover it up.   Probable cause plainly would extend to efforts by Levin to engage in the same conduct ███████████████████████████████████████ – in the year or so prior to the charged conspiracy.

Lastly, Levin's objection that the Government's motion is somehow premature, Opp. at 7-8, lacks any merit.   Levin has full knowledge of his own interactions with his attorneys, and his purpose in engaging those attorneys. ████████████████████████████ In addition, Levin has been indicted, discovery has been produced, pretrial motions have been filed and a trial date has been set.   Levin cannot point to any reason to believe that new facts will emerge in the indeterminate future to bolster his privilege claims.

─────────────────────

[4] ████████████████████████████████████████████

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court issue an order finding that the crime-fraud exception applies to the documents and communications reflecting ███████████████████████████████████████████████ pursuant to the attorney-client privilege, and authorize the undersigned to make these documents and related briefing available to the prosecution team in this case.

Dated: New York, New York
August 17, 2015

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: *Kimberly J. Ravener*
Kimberly J. Ravener
Assistant United States Attorney

8